```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**RAYMOND SETZKE**                                              **PLAINTIFF**

       v.        Civil No. 07-5185

**SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
OFFICER REYES; OFFICER
FRY; LT. CARTER; DR. HUSKINS;
and JOHN DOE OFFICERS**                                        **DEFENDANTS**

## O R D E R

Now on this 2nd day of February, 2009, comes on for consideration the following:

    \*   **Report And Recommendation Of The Magistrate Judge** ("R&R")(document #57);

    \*   plaintiff's **Objections To Magistrates Report And Recommendation** (document #58);

    \*   plaintiff's **Motion To Supplement Motion For Summary Judgment** (document #59);

    \*   plaintiff's **Motion For Emergency Injunction** (document #60); and

    \*   plaintiff's **Motion For US Marshalls [sic] To Transport** (document #61).

    1.   Plaintiff asserts seven claims in this case: denial of access to the courts, denial of medical attention, use of excessive force, failure to intervene in the use of excessive force, failure to train or supervise, interference with his legal

mail, and improper classification. The R&R recommends dismissal of all claims except the excessive force claim.

2. Plaintiff objects to the R&R only insofar as it relates to his failure to intervene and failure to train claims. He contends that three Benton County Detention Center ("BCDC") officers (Simmons, Becker, and Thompson) were present during the incident with defendant Reyes that led to his excessive force claim, and that they failed to intervene to prevent the use of force. With regard to the failure to train claim, plaintiff contends that BCDC had no policy relating to intervention in staff/inmate assault situations, so there could not have been any training on the matter.

3. The Court finds plaintiff's objections sufficiently well taken to remand the matter to the Magistrate Judge for the purpose of determining whether Simmons, Becker, and Thompson were present at the time of the incident, and if so, whether they should be identified as the John Doe defendants in this case. The Court further remands for the purpose of inquiry as to whether BCDC had, in the relevant time frame, any official policy relating to intervention in staff/inmate assaults.

4. Plaintiff's Motion To Supplement Motion For Summary Judgment will be granted.

5. Plaintiff's Motion For Emergency Injunction states that plaintiff "fears for his life in the State of Arkansas due to the

above actions," but he does not spell out what the "above actions" are. He appears to refer to actions that might be referenced somewhere in the file of this case, but that file comprises over sixty documents, many of which have multiple attachments, and some of which are quite lengthy, and the Court declines the implied invitation to comb this mass of material to determine if there is some basis for plaintiff's motion. It will be denied.

6. The basis of plaintiff's Motion For US Marshalls [sic] To Transport is his claim that he has "received word from family that this Court has sent notice for the plaintiff to appear in court in one of his federal cases in the United States District Court Western District of Arkansas." No such notice was issued in this particular case, however, and the Court will not search the files of plaintiff's other cases to determine whether such notice was issued in one of them. Nor will it act on the basis of what may be occurring in some other case.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted in part**.

The Report And Recommendation is **adopted** insofar as it recommends dismissal of plaintiff's claims for denial of access to the courts, denial of medical attention, interference with his legal mail, and improper classification, and those claims are **dismissed with prejudice**.

The Report And Recommendation is also **adopted** insofar as it

recommends denial of summary judgment as to plaintiff's claim of excessive force.

The Report And Recommendation is **not adopted** insofar as it recommends dismissal of plaintiff's claims for failure to intervene in the use of excessive force and failure to train, and those claims are **remanded** to the Magistrate Judge for the purpose of (a) determining whether BCDC employees identified as Simmons, Becker, and Thompson were present at the time of the incident which led to plaintiff's claim; (b) if so, whether they should be made defendants; and (c) determining whether BCDC had, in the relevant time frame, any official policy relating to intervention in staff/inmate assaults.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Supplement Motion For Summary Judgment** (document #59) is **granted.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Emergency Injunction** (document #60) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For US Marshalls [sic] To Transport** (document #61) is **denied.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**